Fernando PAVIA, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73916.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 24, 2011.

Murray David Hilts, Law Offices of Murray D. Hilts, San Diego, CA, for Petitioner.

Sheri Robyn Glaser, Trial, OIL, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Anthony W. Norwood, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Fernando Pavia, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Pavia's motion to reopen as untimely because the motion was filed more than 18 months after the issuance of the May 12, 2006, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and the evidence submitted with the motion to reopen failed to establish Pavia acted with the due diligence required to warrant tolling of the 180–day filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud, or error, and exercises due diligence in discovering such circumstances).

Pavia's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

